**Richard OSBORN, Appellant (Defendant),**

v.

**Elsie F. WARNER and Julia A. Kazor, Appellees (Plaintiffs).**

No. 84–113.

Supreme Court of Wyoming.

Feb. 1, 1985.

Richard Osborn, pro se.

H. Steven Brown, Casper, for appellees.

Before THOMAS,* C.J., and ROSE, ROONEY,** BROWN and CARDINE, JJ.

CARDINE, Justice.

█ This appeal is from a summary judgment partitioning real property held by appellant and his two sisters as tenants in common. The summary judgment does not dispose of all of the claims in the action, and for this reason is not a final order and not ordinarily appealable.[1] However, since appellant might suffer irreparable damage by the partitioning before all claims could be disposed of, this court treated his appeal as a grant of a writ of certiorari. We affirm.

Appellant raises the following issues: "1. Whether a homestead, being this property in dispute, as provided by law, is protected from partition (alienation) by the Constitution of Wyoming, Article 19, Section 9, against the consent of the homesteader (owner), or is subject to par-

---

\* Became Chief Justice January 1, 1985.

\*\* Chief Justice at time of oral argument.

**1.** Rule 2.01, W.R.A.P., provides:

"An appeal \* \* \* from the district court to the Supreme Court, shall be taken \* \* \* from entry of the judgment or final order appealed from \* \* \*."

tition (alienation) by co-owners under Wyoming Statute # 1–32–101.

"2. Whether a summary judgment granting partition is proper when it was opposed by Appellant's motion and affidavit in support of, citing facts that a material issue of dispute, the possession of the property, was in effect.

"3. Whether a United States Homestead Patent, this property Homestead Patent No. 748797 as recorded in the General Land Office Washington D.C., and records of Natrona County Book 5 page 494, is protected by United States Patent Laws, or is subject to partition under Wyoming Statute # 1–32–101.

"4. Whether the State District Court has original jurisdiction over a United States Homestead Patent, this land, when Title 28 U.S.C.A. Sec. 1338 states that Federal Courts shall have original jurisdiction over any civil case arising under any Act of Congress relating to patents."

Appellant and Warner and Kazor, his two sisters, are tenants in common, each holding an undivided one-third interest in a section of land which was homesteaded by their father. Pursuant to § 1–32–101, et seq., W.S.1977,[2] Warner and Kazor brought an action seeking equitable partitioning of the property. Appellant answered pro se. Summary judgment was granted Warner and Kazor directing partition and execution upon the property.

Appellant contends that the land in question is a homestead and, therefore, under the laws of our state, is not subject to being partitioned. Appellant misconstrues the meaning and application of the homestead. The public policy which is the basis for enactment of homestead laws is that the preservation of the home is of a greater social importance than payment of the debts of creditors. 40 C.J.S. Homesteads § 2. This case, however, does not involve creditors. A tenant in common

" * * * cannot obtain such homestead right or interest as will prejudice or interfere with the rights or interests of his cotenant or any person rightfully claiming under the latter, such as the right to partition or an accounting. Thus it is held that one joint owner of property cannot claim a homestead as against the other joint owners * * *." (Footnotes omitted.) 40 C.J.S. Homestead § 88, p. 527.

Tenants in common have equal rights of possession and one cotenant cannot establish a homestead right as against the interests of other cotenants. *Cooley v. Shepherd,* 170 Kan. 232, 225 P.2d 75 (1950); *Cole v. Coons,* 162 Kan. 624, 178 P.2d 997 (1947). The fact that this land was once the homestead of the father of these parties and that a patent was issued to him does not prevent partitioning among his heirs.

Appellant next contends that a summary judgment was improper because

" * * * a material issue of dispute, the possession of the property, was in effect."

The fact that appellant has been in possession of the property is not in dispute. He claims that summary judgment was improper because his possession was adverse. Appellees contend that, since appellant did not set forth the defense as required by Rule 8(c), W.R.C.P., the claim should not have been considered. The trial court, pursuant to Rule 15(b), W.R.C.P., considered the issue although not raised by the pleadings, and that was appropriate in this case.

In his motion to dismiss the partition action, appellant stated that he was a tenant in common in possession for a period greater than ten years and that appellees were tenants in common out of possession. These allegations in the pleadings indicate that appellant bases his claim of adverse possession on his actual physical possession of the property as opposed to appellees' nonpossession. But there were

---

**2.** Section 1–32–101, W.S.1977, provides:
 "Tenants in common and coparceners of any estate of lands, tenements or hereditaments within the state may be compelled to make a partition thereof as hereinafter prescribed."

no affidavits, facts, or evidence before the court supporting the claim that possession was adverse. We have said that a party faced with a motion for summary judgment may not rely upon the allegations of his pleadings. They are insufficient to create an issue of fact to prevent summary judgment. When the party moving for summary judgment has supported the motion with affidavits according to Rule 56(e), W.R. C.P.[3], the party opposing the motion may not rest upon mere allegations or denials contained in his pleading. He must respond by affidavit or otherwise he must set forth specific facts indicating there is a genuine material factual issue for trial. *Schepps v. Howe*, Wyo., 665 P.2d 504 (1983). The whole purpose of summary judgment would be defeated if trial could be forced by mere assertions or conclusions. *Hyatt v. Big Horn School Dist. No. 4*, Wyo., 636 P.2d 525 (1981).

 The state of the record here indicates that appellees were entitled to summary judgment as a matter of law. Tenancy in common is characterized by possession or *the right to possession* of the common property. 20 Am.Jur.2d Cotenancy and Joint Ownership § 23. Appellant's actual possession, by itself, was not sufficient to show adverse possession against his sisters' right of possession. Before one cotenant can obtain title by adverse possession, he must assert an adverse right and a clear, positive and continuous disclaimer of title in his cotenants. *Petrusic v. Carson*, Wyo., 496 P.2d 70 (1972). Possession by one cotenant is not adverse in the absence of the elements of antagonism and notice. 4 Thompson on Real Property § 1811 (1979 Replacement), p. 228. It is difficult for one cotenant to successfully establish an adverse possession defense against other cotenants.

"[M]ere possession and use of the entire property by one cotenant is not an ouster, nor is his possession adverse, so long as the other cotenants remain voluntarily out of possession, and are not kept out of possession by the acts of the possessor-tenant." (Footnotes omitted.) II American Law of Property § 6.13 (1952), pp. 52–54. See, *Hackett v. Linch*, 57 Wyo. 289, 116 P.2d 868 (1941).

Appellant stated that he had been in continuous possession for a period greater than ten years. He does not assert sole ownership; he does not claim that his cotenants had notice of an adverse claim nor that their non-possession was anything but voluntary.

The trial judge stated in his order:

"That the Defendant's Motion for Summary Judgment does not set forth sufficient facts to cause the Court to conclude that the Defendant's defense of adverse possession exists."

We agree.

Appellant finally contends that, since the property in question originated from a homestead patent deed, it should be protected by the United States patent laws and subject only to federal jurisdiction. Appellant confuses a land patent, defined as:

"A muniment of title issued by a government or state for the conveyance of some portion of the public domain." Black's Law Dictionary (5th Ed.1979),

with a patent-right, defined as:

"A right secured by patent; usually meaning a right to the exclusive manufacture and sale of an invention or pat-

---

**3.** Rule 56(e), W.R.C.P., provides:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond summary judgment, if appropriate, shall be entered against him."

ented article." Black's Law Dictionary, supra.

■ The cases which appellant cites refer to a patent-right, e.g., inventions. 28 U.S.C.A. § 1338, cited by appellant for the proposition that federal courts have exclusive jurisdiction over this matter, refers to "[p]atents, plant variety protection, copyrights, trademarks, and unfair competition." It does not concern title to land granted by a homestead patent, has no application to this case, nor does it establish that the district court was without jurisdiction as appellant suggests.

Appellant and his two sisters received an undivided interest in half of this property at the death of their father some thirty-five years ago. They acquired the remaining undivided one-half interest at the demise of their mother in 1976. It would be a strange state of the law indeed if co-owners lost their rightful share of property merely because one cotenant, with their permission, received the benefits of possession for many years.

■ Appellant's arguments are specious and frivolous. Finding the appeal to be totally without merit or reasonable cause, the clerk of court is directed to tax, as part of the costs in this case, a fee of $250 to appellees' counsel and $250 as penalty and damages to appellees pursuant to Rule 10.05, W.R.A.P. *Perry v. Vaught*, Wyo., 624 P.2d 776 (1981). The order of summary judgment granting partition is affirmed.