**Richard B. OSBORN, Appellant (Defendant),**

v.

**PINE MOUNTAIN RANCH, a partnership, Appellee (Plaintiff).**

No. 88–231.

Supreme Court of Wyoming.

Jan. 5, 1989.

Richard B. Osborn, appellant, pro se.

William W. Harden, Casper, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

Appellant Richard B. Osborn asks this Court to determine whether there was sufficient evidence to support the issuance of a permanent injunction in favor of appellee Pine Mountain Ranch. The injunction permitted Pine Mountain Ranch to build a fence along the parties' adjoining property line and prohibited Osborn from interfering with the building of that fence.

We affirm.

No transcript was made of the proceedings held in the district court. However, the essential facts, as gleaned from the pleadings and the briefs, are as follows. The parties' predecessors in interest erected a fence in 1936 that, while purporting to separate their properties, actually encroached upon the lands now belonging to Osborn. Because the fence had fallen into disrepair, Osborn decided to rebuild it in 1983. He located the fence along a line that had been determined by a 1970 power company survey to be the boundary between the parties' properties. In September 1986, Pine Mountain Ranch hired Ladd Engineering Co., Inc. to survey its land and discovered that the relocated fence encroached upon its property. Pine Mountain Ranch advised Osborn of its intent to move the fence so that the fence line would conform to the results of the survey made by Ladd Engineering Co., Inc. Osborn indicated that he would not peaceably permit relocation of the fence and suggested that the matter be resolved by the courts. Pine Mountain Ranch then sought temporary and permanent injunctive relief to prevent Osborn from interfering with the relocation

of the fence. At a hearing, Pine Mountain Ranch demonstrated its ownership of the disputed property and produced the Ladd Engineering Co., Inc. survey as being determinative of the proper boundary line. Osborn offered no evidence to dispute the results of the survey and relied upon the assertion that he had gained title to the disputed portion of Pine Mountain Ranch's property by adverse possession. The district court found that Osborn's possession, if any, of the disputed property commenced when he rebuilt the fence in 1983 and that Osborn had failed to adversely possess it for the requisite ten-year period. Accordingly, the district court granted the permanent injunction.

Osborn's pro se brief raises fifteen issues, which we synthesize:

1. Did the district court err in failing to approve the "statement of proceedings" offered pursuant to W.R.A.P. 4.03?

2. Is a permanent injunction an appropriate remedy to settle a boundary dispute when there is also a dispute as to ownership of the lands that are involved?

3. Was there sufficient evidence to support the claim of adverse possession?

■ We note from the outset that our review of this case is severely limited by Osborn's failure to provide us with a transcript or other proper record of the proceedings below. It is Osborn's responsibility to provide a transcript. W.R.A.P. 4.05; *Edwards v. Edwards*, 732 P.2d 1068 (Wyo. 1987); *Nicholls v. Nicholls*, 721 P.2d 1103 (Wyo.1986). When there is no transcript, the findings of the trial court are accepted as the only basis for deciding issues pertaining to evidence. *Salt River Enterprises, Inc. v. Heiner*, 663 P.2d 518 (Wyo.1983). In the absence of anything to refute them, we will sustain the findings of the trial court, and we assume that the evidence presented was sufficient to support those findings. *Feaster v. Feaster*, 721 P.2d 1095 (Wyo.1986). Osborn did offer a proposed statement of the proceedings in accordance with W.R.A.P. 4.03, but that proposal did not meet the requirements of the rule and was properly refused by the district court. See *Feaster*, 721 P.2d at 1097.

■ Osborn asserts that injunctive relief should not be used to resolve disputes over land. In support of this assertion, he cites *Alaska Development Co. v. Brannan*, 40 Wyo. 106, 275 P. 115 (1929). Osborn is correct insofar as he goes, but he ignores the language in *Alaska Development Co.* which holds that such injunctive relief is proper when matters of title have been settled and when no adequate remedy at law exists. *Id.* at 120–21. Assuming, as we must, that the evidence presented below supports the district court's determinations that title to the property was in Pine Mountain Ranch and that no adequate remedy at law was available, we hold that the district court properly issued the injunction.

■ Osborn next argues that the district court erroneously decided the issue of his adverse possession of the disputed property. A party claiming adverse possession has the burden of proving his actual, open, notorious, exclusive, and continuous possession of the property for the statutory period of ten years, and that possession must be hostile and under a claim of right. *Sowerwine v. Nielson*, 671 P.2d 295 (Wyo. 1983); *Doenz v. Garber*, 665 P.2d 932 (Wyo.1983). The district court found that Osborn, by his own admission, did not have possession for the requisite ten-year period. Notwithstanding that there apparently were many other defects in Osborn's claim of adverse possession, we hold that the finding that Osborn did not fulfill the ten-year requirement is sufficient to sustain the district court's action. Thus, the order of the district court issuing a permanent injunction in favor of Pine Mountain Ranch is affirmed in all respects.

■ Pine Mountain Ranch claims that Osborn's appeal is frivolous and asks us to certify that there was no reasonable cause for appeal and to award attorney's fees and costs pursuant to W.R.A.P. 10.05. Osborn provided little or no cogent authority to support his claims before this Court, and he provided us with no record for review. Where an appellant's arguments are specious and frivolous, as they are here, and where an appellant fails to present cogent

argument and to provide a proper record for review, as in this case, we will grant requests pursuant to W.R.A.P. 10.05 for attorney's fees and costs expended in defending an appeal. *Edwards*, 732 P.2d 1068; *Osborn v. Warner*, 694 P.2d 730 (Wyo.1985). Therefore, in accordance with W.R.A.P. 10.05, we certify that there was no reasonable cause for appeal, and we grant Pine Mountain Ranch's request for attorney's fees and costs. Pursuant to the rule, the fees and costs must be reasonable. Pine Mountain Ranch has attached to its brief an affidavit of its appellate counsel delineating costs and legal fees of $856.27 incurred in defending this appeal. We find this is a reasonable amount to be charged to Osborn and paid to the attorney for Pine Mountain Ranch.

AFFIRMED.