**SAND DUNE ESTATES, a Wyoming corporation, Appellant (Plaintiff),**

v.

**KIZZIER CHEVROLET COMPANY, INC., and Ronald L. Ketchum, as the Natrona County Sheriff, Appellees (Defendants).**

**No. 90–249.**

Supreme Court of Wyoming.

April 1, 1991.

---

Larry W. Harrington, Casper, for appellant.

Jerry A. Yaap of Bishop, Bishop & Yaap, Casper, for appellee Kizzier Chevrolet Co., Inc.

Before THOMAS, CARDINE, MACY and GOLDEN, JJ., and ROONEY, J. (Retired)

## OPINION

MACY, Justice.

Appellant Sand Dune Estates sought damages from Appellee Kizzier Chevrolet Company, Inc. for intentional interference with a contract and for wrongful execution by Kizzier upon property owned by Sand Dune. Sand Dune appeals the district court's entry of summary judgment in favor of Kizzier.

We affirm.

Sand Dune presents the following issues:

1. Whether the court err[ ][ ]ed in finding that the filing of a *lis pendens* notice in accordance with W.S. 1–6–106 prior to property becoming delinquent for county property taxes in accordance with W.S. 39–3–202 prevents a tax deed from being given free and clear of the *lis pendens* encumbrance.

2. Whether the court err[ ][ ]ed when it found that the modular home was not sold for delinquent taxes contrary to evidence that was before the court.

3. Whether there is a factual issue as to whether the modular home was sold for delinquent taxes which should be tried by the court, and whether the court err[ ][ ]ed when it found no factual issue.

4. Whether the court err[ ][ ]ed when it found that Kizzier Chevrolet seized property that [it] had a right to seize, and consequently there could be no damages for wrongful interference with a contract or for damage to the plaintiff[ ].

In response, Kizzier states this issue:

1. Did the trial court err in granting summary judgment as a matter of law dismissing Appellant's complaint alleging counts in wrongful interference with contract and wrongful execution?

The lengthy history of this case has contributed to the "complications" which have arisen in the instant appeal. Litigation began on April 10, 1981, when Kizzier filed a complaint seeking a judgment against Irvin Denman and Martha Jo Denman for amounts owed on a modular home which Kizzier delivered to the Denmans on May 31, 1979. That complaint noted that Kizzier had filed the security agreement as a financing statement with the Natrona County Clerk on June 1, 1979, and that an acknowledgment stating the modular home " 'shall be and remain personal property whether attached to realty or not' " was attached to the agreement. On the same date, Kizzier filed a notice of *lis pendens* in the district court. That case was delayed in the courts because of numerous complicating factors, including divorce, allegations of wrongful appropriation of property, and bankruptcy proceedings. However, for purposes of deciding this appeal, we are primarily concerned with the fact that Kizzier was granted a judgment on August 26, 1988, against the Denmans for $74,476.53, plus interest. Thereafter, Kizzier sought to partially execute its judgment by means of a sheriff's sale of the modular home. On October 25, 1989, Sand Dune entered into the picture by filing a motion to quash the execution. The motion to quash stated that the modular home and the property upon which it was located had been deeded to Natrona County in 1986 because the owners failed to pay taxes and had, in turn, been conveyed by quitclaim deed to Sand Dune. This deed was recorded on November 19, 1986. After hearing the matters raised by Sand Dune's motion to quash, the district court determined that Kizzier's execution was proper and that its interest in the disputed property was superior to Sand Dune's interest. The court denied the motion to quash. All other details concerning the sale were completed, and on November 9, 1989, the district court entered an order confirming the sale. No appeal was taken from that final order.

Sand Dune also filed a complaint seeking to have the sheriff's sale enjoined and to obtain damages for wrongful execution by Kizzier. The district court found that Kizzier's execution was proper and denied injunctive relief. Sand Dune appealed from that order, but this Court dismissed the appeal because it was not from a final order. Sand Dune filed an amended complaint which sought damages for wrongful interference with a contract[1] and for wrongful execution by Kizzier. On August 31, 1990, the district court granted summary judgment in favor of Kizzier. The order stated that Kizzier's *lis pendens* took priority over Sand Dune's interest; that, in any event, Sand Dune had title to the lot on which the modular home was located and not to the modular home itself; that Kizzier could not be liable for wrongful interference with a contract because it acted with court authorization; and that Kizzier properly executed on its judgment under the authority of the court which had issued that judgment. Sand Dune appeals this latest judgment.

■ We note at the outset that we do not need to determine the issue of whether Kizzier's *lis pendens* had priority over Sand Dune's quitclaim deed because Sand Dune clearly posited the question of priority in its motion to quash the execution. The district court answered the question, finding that Kizzier's execution was proper and that it had priority over Sand Dune's claim. That decision became the law of the case, and Sand Dune did not seek to appeal the decision on any ground.

■ We hold that the principle of collateral estoppel prevented Sand Dune from reviving the priority issue in the subsequent litigation. Absent some recognized exception to its application, that doctrine prevents the relitigation of issues which were involved in prior litigation between the same parties. *Osborn v. Manning,* 798 P.2d 1208 (Wyo.1990); *Waggoner v. General Motors Corporation,* 771 P.2d 1195 (Wyo.1989); *Rialto Theatre, Inc. v. Commonwealth Theatres, Inc.,* 714 P.2d 328 (Wyo.1986). Sand Dune has not asserted

---

1. Sand Dune had the property rented at the time the execution was carried out, and, as a result, its tenant vacated the property, damaging Sand Dune.

any basis for relief from the doctrine of collateral estoppel, such as changed facts or circumstances, and we perceive none from the record. We hold that Sand Dune was collaterally estopped from raising the issue of the priority of its claim to the modular home in its subsequent action. *Waggoner,* 771 P.2d 1195.

█ In addition, Sand Dune cannot maintain an action for wrongful interference with a contractual right when, to the extent there was interference with the rental agreement between Sand Dune and its tenant, Kizzier did so with judicial approval and in conformity with controlling law. In analyzing this issue, we must apply our usual rules governing the review of a summary judgment. *See Wagner v. First Wyoming Bank, N.A. Laramie,* 784 P.2d 224 (Wyo.1989). We have identified the elements which must be proven by a plaintiff alleging tortious interference with a contract: (1) the existence of a contract; (2) the defendant's knowledge; (3) intentional and improper interference inducing or causing a breach; and (4) resulting damages. *First Wyoming Bank, Casper v. Mudge,* 748 P.2d 713 (Wyo.1988). Our decision in *First Wyoming Bank, Casper* also iterated that one who interferes with a contract by asserting a bona fide claim in good faith is not liable for tortious interference with contractual relations. The only actions taken by Kizzier which were alleged by Sand Dune to be improper were those which Kizzier took after receiving judicial approval. Such actions constitute the assertion of a bona fide claim. We hold that there was no genuine issue of material fact as to this essential element of Sand Dune's claim and that, as a result, Kizzier was entitled to judgment as a matter of law.

Affirmed.