Richard B. OSBORN,
Appellant (Plaintiff),

v.

Clarice L. MANNING, Appellee
(Defendant).

No. 90–257.

Supreme Court of Wyoming.

May 17, 1991.

Richard B. Osborn, pro se.

Donald Painter, Casper, for appellee.

Before URBIGKIT, C.J., THOMAS, MACY and GOLDEN, JJ., and ROONEY, J., Retired.

GOLDEN, Justice.

Appellant Richard B. Osborn seeks review of an order of the district court which denied his motion to disqualify the presiding judge and dismissed his petition to enforce an earlier injunction issued by the district court. The injunction prevented appellee Clarice L. Manning from constructing her fence so as to impede the flow of water through a cattle guard on the road to Osborn's house.

We affirm.

ISSUES

Osborn identified the following as the issues for review:

1. That an affidavit and supporting evidence such as photographs, are sufficient evidence to re-open and charge a defendant for violating a court decision and order.

2. That a "prima facie case" was made by the appellant to show that the defendant had indeed violated the court order.

3. That the defendant appellee failed to respond to these charges, and therefore is responsible to the appellant for damages.

4. That an affidavit and supporting evidence is sufficient evidence with a motion for disqualification of a judge for cause.

5. That as Wyoming Rules of Civil Procedure Rule 40.1(b)(2) states: "Whenever the grounds for such motion become known." The above quoted statement means "ANY TIME" and not before an action is filed in court.

6. That a court which "refuses" to enforce its own decision without a hearing as to the facts, is an ABUSE OF DISCRETION by that court.

Manning identified only two issues for review:

1. Whether Appellant presented a prima facie case of violation of the District Court's previous orders in this matter.

2. Whether the District Court should have recused itself when Appellant moved for change of judge.

## FACTS AND PROCEEDINGS

Osborn filed a pro se complaint alleging that Manning was obstructing a roadway/easement Osborn had across Manning's property. At the conclusion of the proceedings in the district court, that court issued a decision letter dated December 6, 1985, which included these remarks:

The evidence reflects that Clarise [sic] Manning, on March 12, 1974, conveyed a thirty foot strip right-of-way for a roadway to be utilized for the private use of the plaintiff.

The easement document describes the easement as being in and across the SE¼NE¼, section 20, and the SW¼NW¼, section 21, Township 35 North, Range 83 West of the 6th P.M., and more specifically a thirty foot strip beginning thirty feet north of the Southwest corner of the SE¼NE¼, section 20; thence 89° 21' E. 1461.8 feet to the intersection of the Natrona County Road.

\* \* \* \* \* \*

The most basic difficulty between the parties commenced when the defendant [Manning] constructed a cattle guard and access gate and sheep barrier within the easement area. The plaintiff [Osborn] asserts that the position of the supporting post and the sheep barrier results in a damming effect which has or will cause a flooding of the roadway. The plaintiff suggests that the problem can be avoided by moving the support post or posts to the edge of the cattle guard, thus leaving the ditch running under the cattle guard free from obstruction.

The Court agrees that the fence as constructed constitutes an obstruction and should be abated and moved so as to eliminate the obstruction.

The district court directed that counsel for Manning prepare an order consistent with the district court's decision letter. Manning's counsel prepared such an order and sent it to Osborn, but "that is where it bogged down." However, on January 3, 1986, the district court entered an order which had been prepared by Osborn, was not reviewed or approved by Manning's counsel, and which contained the following provisions:

IT IS THEREFORE ORDERED that the complaint on file herein be dismissed as to the defendants, Thomas Manning, Charles Manning, and Neil Manning.

IT IS FURTHER ORDERED that, upon plaintiff's complaint, that defendant Clarice Manning, be and she is hereby restrained and enjoined from constructing or causing to be constructed any posts near the cattle guard of the subject easement that have the effect of impeding the free flow of the surface water.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED as follows:

(1) That Clarice Lyle Manning, on March 12, 1974, conveyed a thirty foot strip right-of-way for a roadway to be utilized for the private use of the plaintiff, Richard B. Osborn.

(2) That the roadway as has been used and established is 15 feet on each side of the center of the constructed and maintained road, and the length of the road extends from the point of intersection with the Natrona County road a distance of 1461.8 feet.

(3) That the plaintiff has the legal obligation of maintenance of the road.

IT IS FINALLY ORDERED that the defendants take nothing on their counterclaim.

No appeal was taken from this judgment, but on November 25, 1986, Manning filed a motion to amend or correct the judgment. She claimed that Osborn was using the district court's judgment to maintain the position that the roadway/easement was solely for Osborn's private use and benefit and was preventing Manning from making any use of the road. Manning claimed that the judgment entered on January 3, 1986, had only come to her attention within the fifteen days preceding her filing of the motion to amend the judgment. Osborn resisted the motion to amend the judgment on the basis of laches, res judicata, as well

as other assertions. On January 12, 1987, the district court entered this order:

THE ABOVE–ENTITLED MATTER having come before this Court upon the Motion to Amend or Correct Judgment filed by counsel for Defendant, Clarice Lyle Manning; and Plaintiff having appeared pro se and Defendant having appeared through counsel, Donald L. Painter; and the Court having reviewed the file herein; and the Court having concluded that the Judgment and Order entered herein on January 3, 1986, was procured by the fraud and deception of Plaintiff without which the Court would not have signed said Judgment and Order; and it further appearing that the Order prepared by Defendant's counsel is a fair representation and summary of the Court's Decision Letter in this matter; and it further appearing from the file herein that Defendant's counsel prepared an Order in accordance with the last paragraph of said Decision Letter and submitted the same to Plaintiff after which Plaintiff practiced fraud and deception by obtaining the Court's signature upon the Judgment and Order entered herein January 3, 1986; and the Court being fully advised in the premises;

IT IS THEREFORE ORDERED that the Judgment and Order entered herein January 3, 1986, be stricken.

The district court entered a new judgment which provided as follows:

IT IS FURTHER ORDERED that, upon Plaintiff's Complaint, that Defendant, Clarice Manning, be and she hereby is restrained and enjoined from constructing or causing to be constructed any posts near the cattle guard of the subject Easement that have the effect of impeding the free flow of surface water.

No appeals were taken from any of these subsequent orders and judgments of the district court.

On April 6, 1990, Osborn again filed pro se what he styled as a petition to enforce the district court's order of January 12, 1987. The original obstruction had apparently been removed, but Osborn claimed that Manning had now constructed a different fence in the same area which had a similar effect, i.e., the new fence caused weeds and debris to collect against the fence, thereby restricting the free flow of the surface water.

Contemporaneously with the petition to enforce the district court's order, Osborn filed a motion to disqualify the presiding judge. Osborn maintained that he had filed a "civil rights" claim against the judge and he produced a letter from the Wyoming State Auditor which demonstrated that a claim filed by Osborn had been forwarded to other agencies of Wyoming state government for processing. In an accompanying affidavit, Osborn stated that, as a result of his claim for damages against the judge, "I feel that I can no longer, if at all, receive a fair trial in this district court."

Manning did not file any kind of response to Osborn's petition or motion to disqualify. Nonetheless, on September 13, 1990, the district court entered an order denying the motion to disqualify, as well as an order denying relief on the petition to enforce the district court's earlier order. Osborn appeals from that order.

For the equally exciting prior episodes involving these parties, as well as other similar cases, and to assist in understanding what is going on in the instant case, *see Osborn v. Manning*, 798 P.2d 1208 (Wyo.1990); *Osborn v. Pine Mountain Ranch*, 766 P.2d 1165 (Wyo.1989); *Osborn v. Warner*, 694 P.2d 730 (Wyo.1985); *Osborn v. Manning*, 685 P.2d 1121 (Wyo. 1984).

## DISCUSSION

■ Osborn claims his right to due process of law was denied him because the district court decided this matter without benefit of response from Manning and without a trial-type hearing having been conducted. The authority cited by Osborn does not support his argument. As we noted in *Apodaca v. Ommen*, 807 P.2d 939, 941 n. 3 (Wyo.1991), under appropriate circumstances a district judge may, indeed has an obligation to, sua sponte dispose of a case summarily. The district court's order restrained and enjoined Manning "from

constructing or causing to be constructed any posts near the cattle guard of the subject Easement that have the effect of impeding the free flow of surface water." In addition, the district court's decision letter indicates that Osborn agreed that the "problem" which precipitated this lengthy litigation could be avoided by moving the support post or posts to the edge of the cattle guard, thus leaving the ditch running under the cattle guard free from obstruction. This was accomplished by Manning. In the affidavit accompanying his petition, Osborn attests:

> During the months of August and September 1989, there were several violant [sic] and heavy rainstorms in this area. During the storm I drove to the cattle guard on my private roadway at the enterence [sic] to where I reside to study the effects of the high volume of rain water on the roadway. I noticed on each occasion that the great volume of water comming [sic] down was being prevented from following its normal course of runoff along the side of the roadway and "puddled" or was "dammed up" at the cattle guard, and did not go past or along side of the roadway to the overflow pipe at the begginning [sic] of the roadway at county road # 209. This was happening because the weeds and other stuff had accumulated at the fence built accross [sic] the south side of the roadway at the cattle guard.

As is quite readily evident, the affidavit does not allege a violation of what Manning was ordered to do by the district court. Osborn included with his affidavit a couple of photographs which he claims are demonstrative evidence of the problem Manning's fence has created. Those photographs show a fence and grass and not much more. W.R.C.P. 8 requires that a pleading set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Osborn's pleading fails this simple test. We also note that throughout the record in this case Osborn identifies himself as the individual responsible for maintaining the road to his residence. The problem described in his petition sounds more like a road maintenance problem than anything else. For these rea-

sons the district court properly dismissed the petition.

■ Osborn claims the district court erred in denying his motion to disqualify the presiding judge. W.R.C.P. 40.1(b) provides in pertinent part:

(b) *Change of judge.*

(1) Peremptory Disqualification.—A district judge may be peremptorily disqualified from acting in a case by the filing of a motion requesting that he be so disqualified. The motion shall be filed by a plaintiff at the time the complaint is filed, designating the judge to be disqualified. The motion shall be filed by a defendant at or before the time the first responsive pleading is filed by him or within thirty (30) days after service of the complaint on him, whichever first occurs. One made a party to an action subsequent to the filing of the first responsive pleading by a defendant cannot peremptorily disqualify a judge. In any matter, a party may exercise the peremptory disqualification only one (1) time and against only one (1) judge.

(2) Disqualification for Cause.—Whenever the grounds for such become known, any party may move for a change of district judge on the ground that the presiding judge (A) has been engaged as counsel in the action prior to his election or appointment as judge, (B) is interested in the action, (C) is related by consanguinity to a party, (D) is a material witness in the action, or (E) is biased or prejudiced against the party or his counsel. The motion shall be supported by an affidavit or affidavits of any person or persons, stating sufficient facts to show the existence of such grounds. Prior to a hearing on the motion any party may file counter-affidavits. The presiding judge shall rule on the motion and if he grants the same shall immediately call in another district judge to try the action.

(3) Effect of Ruling.—A ruling on a motion for change of district judge shall not be an appealable order, but the ruling shall be entered on the docket and made a part of the record and may be assigned as error in an appeal of the case.

It is evident from the record that the only possible basis for Osborn's motion to disqualify the district judge was an allegation that the judge was biased or prejudiced. The affidavit only establishes that an action/claim of some sort was filed by Osborn against the judge—nothing more. W.R.C.P. 40.1(b)(2) requires that the affidavits in support of such a motion state sufficient facts to show the existence of the alleged grounds for disqualification. We do not perceive the mere filing of such an action/claim, particularly under the circumstances of this case, to suffice under that rule. Much like the circumstances in *Pote v. State*, 733 P.2d 1018, 1021 (Wyo.1987), Osborn's actions may have been designed to, or even served to, rile the district judge, but we will not conclude from the scant information supplied in the affidavit that Osborn's claim/action resulted in the district judge being biased or prejudiced. In his brief, Osborn appears to maintain that the district court should have treated his motion to disqualify as one made under W.R.C.P. 40.1(a). No such motion was made and there is no requirement we have been able to ascertain which constrained the district judge to have treated Osborn's motion as such.

The order of the district court is affirmed in all respects.