**Richard B. OSBORN, Appellant (Plaintiff),**

v.

**Donald PAINTER and Clarice Lyle Manning, Appellees (Defendants).**

No. 95–58.

Supreme Court of Wyoming.

Jan. 8, 1996.

Rehearing Denied Jan. 30, 1996.

Richard B. Osborn, pro se.

Donald L. Painter, Casper, for Appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

THOMAS, Justice.

The question posed by this case is whether a civil action is subject to dismissal for failure to state a claim upon which relief can be granted when the action, confessedly, is brought to relitigate issues resolved by a final county court judgment entered in 1989. Richard B. Osborn (Osborn), who represents himself in all his litigation, asserts he is not foreclosed from a collateral attack on the county court judgment because Donald L. Painter (Painter), the attorney for Clarice Lyle Manning (Manning), made an incorrect and fraudulent statement in pleading the county court action; for that reason, the county court judgment is deemed void; and, in any event, *res judicata* would not apply as to Painter, a party in this action who was not a party in the county court action. The district court dismissed Osborn's complaint, after finding the county court judgment could not be attacked by a separate action, and Osborn's only remedies were appeal or a motion for relief under the provisions of Wyo. R.Civ.P. 60(b). We are satisfied as to the finality of the county court judgment, and we agree with the district court that the claim is simply an effort to relitigate the issues posed before the county court and resolved by a final judgment. We affirm the order of dismissal entered in the district court, and we

also grant Painter's and Manning's Motion for Sanctions.

In the Brief of Appellant, Osborn submitted a prolix and rambling statement of issues.[1]

In the Appellees' Brief, Painter and Manning state only one issue:

1. Whether Appellant's position in this matter is barred by the Doctrine of *res judicata.*

We deal with the single question of whether an action is subject to dismissal when the action on its face is one to relitigate a final judgment.

This is the fifth appeal taken by Osborn in the last eleven years relating to difficulties between him and members of the Manning family.[2] In the county court case, Manning filed a complaint against Osborn in 1988 for damages flowing from a ditch Osborn had dug across a road. The history of the road and the easement for the road is outlined in *Osborn v. Manning,* 812 P.2d 545 (Wyo. 1991). Manning's complaint sought damages for trespass, malicious trespass, and destruction of her property rights. In a decision letter issued on February 9, 1989, the county court stated:

The court finds and concludes that the said roadway is an easement, that the Defendant is the owner of the dominant estate, that the Plaintiff is the owner of the servient estate, that the roadway serves a two fold purpose, i.e., as the Defendant's means of access to the Defendant's property and as the Plaintiff's means of access to the Plaintiff's property and buildings, that the construction by the Defendant of the ditch in question interfered with the Plaintiff's use of the servient estate, that the Plaintiff was thereby damaged and that the amount of the damages measured by the cost of returning the ditch to its origi-

1. The issues set forth in Osborn's brief read:
 1. Under Wyoming Rules of Civil Procedure, rule # 8(a)(1), just what is a "short and plain statement of the claim showing that the pleader is entitled to relief."?
 2. Under Wyoming Rules of Civil Procedure, rule # 9(b) what is a "statement of the circumstances showing fraud stated with particularity."? Do the facts showing what was done, how it was done and the damages or result that it caused, meet the requirements of rule # 9(b)?
 3. What is a "void judgment" and how and who determines a void judgment?
 4. Is a "void judgment" one in which it is prohibited by law?
 5. Where it has been found (after the one year limit as stated in W.R.C.P. rule # 60(b)) that a judgment was obtained thru fraud, must a litigant be compelled to seek relief thru W.R.C.P. rules # 59 and # 60, or may that litigant file a new action based upon the evidence which he now has?
 6. Where a litigant has a judgment entered against him that is contrary to an existing law, may he attack this judgment by a new and seperate [sic] action, or must it be brought under W.R.C.P. rule # 60 where it is a possibility that there is prejudice against this litigant by the court? (prejudice does exist, and not all courts are perfect)
 7. Must a lower court follow the decisions of the (Wyoming) Supreme Court, when those decisions are cited by a pro se litigant who is not a member of the Bar?
 8. Where a litigant charges a lower court with "prejudice" what besides a very high money judgment or one which can't be done, is one "which shocks the conscience of the court"?
 9. Is it mandatory for a judge to hear and decide a motion for "Judicial Notice" or does he have a certain amount of "lee-way" in that issue?
 10. Is it "prejudice" when a court requires a pro se litigant, who is not a member of the Bar, to do things for which those same things are overlooked when a member of the Bar does them? When in fact that there have been several decisions by the Wyoming Supreme Court, that a pro se litigant is entitled to same privileges.
 11. That where a counterclaim is not pursued, after a dismissal of the action by the court, it gives rise to the question as to why that counterclaim was filed in the first place, and just might violate Wyoming Statute # 1–14–128.
 12. Where a defendant complies to one of the demands for relief in a complaint, does this show that there was indeed a claim stated?
 Addressing Osborn's issues indubitably would involve this court in an effort to organize nonsense, which is an adventure normally doomed to futility.

2. Previous appeals can be found at *Osborn v. Manning,* 685 P.2d 1121 (Wyo.1984); *Osborn v. Manning,* 798 P.2d 1208 (Wyo.1990); *Osborn v. Manning,* 812 P.2d 545 (Wyo.1991); and *Osborn v. Manning,* 817 P.2d 889 (Wyo.1991). This court denied a discretionary review of the county court judgment in 1989.

nal condition is $1,268.00, that the amount of damages is reasonable, that there are insufficient facts from which the Court can conclude that the Defendant's actions were wanton and willful and that therefore the Plaintiff is not awarded punitive damages, that the Court is in doubt about the basis of awarding a restraining order and therefore declines to do so, and finally the Court finds generally for the Plaintiff and against the Defendant on the merits of the actions.

A judgment was entered in the county court consistent with the decision letter, and Osborn appealed to the district court of the Seventh Judicial District. The district court also authored a decision letter in which it said:

> Numerous errors of law are asserted in defendant's statement of errors. He contends that there was no trial on the merits, there was insufficient evidence, the decision was contrary to law, the counter-claim was not heard, defendant was not given the opportunity to respond, plaintiff committed procedural error, motions filed by the defendant were not ruled upon, res judicata, complaint not verified as to truth, unauthorized prosecution of suit in the name of another, and the county court used intimidation and coercion against the will of appellant in requiring him to withdraw his motion for default.

The district court found the county court did not abuse its discretion in holding that Osborn impermissibly burdened the easement; the money damages were not excessive or contrary to the evidence; the failure to strictly comply with the rules of procedure did not constitute error; and the district court refused to consider other allegations not supported by the evidence. Osborn sought to appeal that decision to this court but, after reviewing the files and the record, we dismissed the appeal and denied his request for discretionary review pursuant to our power of *certiorari*.

That brings us to the instant suit, which was filed on January 12, 1993. In his complaint, Osborn alleged fraud, breach of contract, violation of civil rights, impairment of contract (federal issue) and asserted a claim for damages and relief. Osborn also alleged

Painter committed fraud when he made this comment in a brief filed in the 1989 action: "Moreover, an examination of the ditch which is deep and wide enough to conceal a small car from view when placed therein will divert at least 100 years of runoff condensed into a single day of rainfall." While he neglected to make them a part of the record, Osborn apparently obtained Answers to Interrogatories from Painter, and he relied upon a statement made by Painter with respect to the brief that "the statement was made as an exaggeration for the sake of emphasis in directing the judge's attention to the ditch in question." Osborn's argument is that, lacking personal knowledge of the facts in the case, Painter had exaggerated them to impress the court without investigating the facts and that action constituted fraud. The district court dismissed Osborn's complaint on the ground that the pleadings failed to state a cause of action. Osborn's appeal is taken from that Order of Dismissal.

 The essence of Osborn's position in this appeal is that the county court judgment is void and "is open to attack or impeachment in a proceeding, direct or collateral, and at any time or place" (*State of Wyoming ex rel. TRL by Avery v. RLP*, 772 P.2d 1054, 1057 (Wyo.1989)). This is the conclusion Osborn draws from the asserted fraudulent conduct of Painter. The rule with respect to judgments deemed to be void and the availability of collateral attacks is set forth in *Hume v. Ricketts*, 69 Wyo. 222, 240 P.2d 881, 882–83 (1952) (emphasis added):

> Jurisdiction of the court over the parties is an essential to the validity of any judgment and a personal judgment rendered without such jurisdiction is void. See 31 Am.Jur. "Judgments" Paragraph 409; 49 C.J.S., Judgments, § 19b. However, the judgment is presumed to be valid and the presumption in favor of jurisdiction extends to jurisdiction of the parties, 31 Am. Jur. "Judgments" Paragraphs 415 and 417. **By the general rule, a collateral attack may not be made upon a judgment where the absence of jurisdiction over the parties does not appear upon the record.** See 49 C.J.S., Judgments, § 401; 31 Am.Jur. "Judgments" Paragraph 602,

citing numerous cases, some collected in 23 Am.St.Rep. 105 and 44 Am.St.Rep. 562; *Reynolds v. Lloyd Cotton Mills,* 177 N.C. 412, 99 S.E. 240, 5 A.L.R. 284; *Murrell v. Stock [Growers'] National Bank,* 10 Cir., 74 F.2d 827. **It seems to be the general rule that a void judgment, such as one wherein the court lacks jurisdiction over the parties, can be attacked collaterally only where the invalidity appears on the face of the record. Where the invalidity does not appear on the face of the record, the proper action is a direct attack.** While *Hume* addresses jurisdiction over the parties, the same result would pertain if the court lacked jurisdiction over the subject matter.

■ We find no suggestion in the file in this case, however, that any lack of jurisdiction by the county court for Natrona County over the parties or over the subject matter of the action appeared on the face of the record. In the absence of those criteria, the proper action is a direct appeal. In 1990, Osborn did appeal from the county court judgment, but there is no indication that he asserted the county court judgment was void in the appeal. In the instant case, the district court did suggest that the opportunity to raise the question of fraud would exist under WYO. R.CIV.P. 60(b), but the record does not demonstrate any effort on the part of Osborn to pursue that remedy.

We then are confronted almost purely with the effect of the doctrine of *res judicata.* In the case of *Osborn v. Manning,* 798 P.2d 1208, 1210 (Wyo.1990), we summarized the doctrine of *res judicata:*

> The doctrines of *res judicata* and collateral estoppel
>
> "incorporate a universal precept of common-law jurisprudence to the effect that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies.'"

*Rialto Theatre, Inc. v. Commonwealth Theatres, Inc.,* 714 P.2d 328, 336 (Wyo. 1986) (quoting *Delgue v. Curutchet,* 677 P.2d 208, 213 (Wyo.1984)). *Res judicata* "constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action." *Barrett v. Town of Guernsey,* 652 P.2d 395, 398 (Wyo. 1982), *quoted in Swasso v. State ex rel. Wyoming Worker's Compensation Division,* 751 P.2d 887, 890 (Wyo.1988). *See Rialto Theatre, Inc.,* 714 P.2d 328 (defining a cause of action).

> The criteria used to determine res judicata's applicability to a situation are: "(1) the parties were identical; (2) the subject matter was identical; (3) the issues were the same and related to the subject matter; and (4) the capacities of the persons were identical in reference to both the subject matter and the issues between them."

*Newell v. Trumper,* 765 P.2d 1353, 1355 (Wyo.1988) (quoting *Swasso,* 751 P.2d at 890).

Interestingly enough, Osborn prevailed in that case because we held that separate claims were asserted in the two actions.

While the complaint, as against Manning, did seem to revisit the issues in the county court case, the district court, out of an abundance of caution, asked the parties to submit legal arguments by brief or a memorandum if they chose. Osborn, indeed, took advantage of that opportunity and, at one point in his Plaintiff's Memorandum—Cause of Action, he concedes: "I chose to attack that judgment [the county court judgment] in a seperate [sic] civil action rather than an appeal." Apparently, Osborn justified that choice because the time for seeking relief from the judgment under WYO.R.CIV.P. 60(b) had expired, which indeed it had.

In addressing the effect of WYO.R.CIV.P. 60(b), we have regarded it as a statute of limitations, and we have said:

> In reading Wyo.R.Civ.P. 55(b)(2) and (c) and 60(b) in conjunction with 7(b)(1), we must be conscious of the purpose served by the court's ability to impose default. **The policy of providing finality to proceedings cannot be overlooked.**
>
> **Similar in consequences to default are statutes of limitations which are comparable in their finality and concomitant preclusive effect to litigants. Yet they**

are accepted as necessary in a system that must provide a forum for a diligent party and, at the same time, recognize that litigation cannot be unendingly open. On this issue we have said:

> Statutes of limitation are arbitrary by their very nature and do not discriminate between the just and unjust claim. They are not judicially made but represent legislative and public policy controlling the right to litigate. The statutes operate against even the most meritorious of claims and courts have no right to deny their application.
>
> \* \* \* \* \* \*
>
> [A] workable system of justice requires that litigants not be free to appear at their pleasure. **We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.**

*Vanasse v. Ramsay,* 847 P.2d 993, 1000 (Wyo.1993) (emphasis added, citations omitted). Osborn correctly understood that he had lost this available remedy by the passage of time.

■ We agree completely with these comments of the trial court in its decision letter:

> As Plaintiff states at page 4 of his memorandum, he chose to attack the County Court Judgment by a separate civil action rather than an appeal. Plaintiff does not cite any law which allows him to do that. My understanding is that a judgment cannot be attacked by a separate lawsuit but can only be reviewed on appeal or through Rule 60(b). Therefore, the complaint does not state a cause of action and should be dismissed.

■ Osborn does urge that Painter was not a party to the county court's action, and therefore, Painter cannot rely upon the doctrine of *res judicata.* We are unable to discern from Osborn's pleadings or arguments his theory of a duty owed to him, which Painter violated. In *Brooks v. Zebre,* 792 P.2d 196, 201 (Wyo.1990), we stated, in accord with the trial court, that "an attorney owes no actionable duty to an adverse party emanating from the zealous representation of his own client." Clearly, Painter's allegedly fraudulent conduct was not the premise for the decision of the county court and amounted to no more than zealous representation of Painter's client. While Painter perhaps cannot rely on *res judicata,* nevertheless, it is clear the district court properly dismissed the action as to Painter.

■ Painter and Manning assert this appeal by Osborn is unfounded and request the court to certify there was no reasonable cause for the appeal. They seek attorney fees in defense of the appeal and have attached to their Motion for Sanctions an affidavit demonstrating attorney fees in the amount of $450. From other cases, we know Osborn is familiar with the authority of this court to award attorney fees and costs to an appellee because of a frivolous appeal. *Osborn v. Pine Mountain Ranch,* 766 P.2d 1165 (Wyo.1989); *Osborn v. Warner,* 694 P.2d 730 (Wyo.1985). We are satisfied that $450 was a reasonable amount to be assessed as attorney fees in this case. In this regard, we also are cognizant that Osborn's brief does not comply with the WYOMING RULES OF APPELLATE PROCEDURE because he fails to support arguments with authority or to state a cogent argument as required by WYO.R.APP.P. 7.01. "The failure to comply with any other rule of appellate procedure \* \* \* is ground only for such action as the appellate court deems appropriate, including \* \* \* refusal to consider the offending party's contentions; assessment of costs; dismissal \* \* \*." WYO.R.APP.P. 1.03. Even though we acknowledge that, "[t]he litigant acting pro se is entitled to 'a certain leniency' from the more stringent standards accorded formal pleadings drafted by lawyers; however, the administration of justice requires reasonable adherence to procedural rules and requirements of the court." *Osborn v. Emporium Videos,* 848 P.2d 237, 240 (Wyo.1993).

Because Osborn is foreclosed from this collateral attack upon the county court judgment which became final in 1989, we affirm the dismissal by the district court. We grant Painter's and Manning's Motion for Sanctions and order Osborn to pay $450 as provided by WYO.R.APP.P. 10.05.