**Richard OSBORN, Appellant (Plaintiff),**

v.

**ESTATE OF Clarice Lyle MANNING, Deceased, Appellee (Defendant).**

No. 98–191.

Supreme Court of Wyoming.

Dec. 7, 1998.

Richard B. Osborn, Pro Se, Natrona, Wyoming, for Appellant.

Donald L. Painter, Casper, Wyoming, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

MACY, Justice.

The district court granted a judgment as a matter of law in favor of Appellee Estate of Clarice Manning (the estate). It subsequently amended the judgment, and Appellant Richard Osborn appeals from that order.

We affirm.

## ISSUES

Osborn presents fifteen issues in his *pro se* brief. His numerous issues can, however, be condensed into two issues:

I. Whether the district court erred in granting a judgment as a matter of law on Osborn's claim for maintenance of a fence.

II. Whether the district court erred in granting a judgment as a matter of law on Osborn's claim for personal property damage.

## FACTS

In March 1997, Osborn filed two claims with the estate. In his first claim, he requested payment for maintaining the fence during the years 1991 through 1996 that partitioned his property from the Manning property. In his second claim, Osborn sought payment for the personal property damage that resulted from Manning's unauthorized construction of a fence next to a roadway. He asserted that the fence restricted the free flow of surface water and caused the roadway to flood. The administrator of the estate denied Osborn's claims, and Osborn filed a complaint in the district court on May 1, 1997.

The district court held a bench trial on March 13, 1998. Ignoring the judge's advice, Osborn represented himself at the trial. After Osborn rested his case, the estate moved

* Retired November 2, 1998.

for a judgment as a matter of law on both of Osborn's claims. The district court granted the estate's motion, concluding that Osborn did not establish that he had standing to bring the lawsuit and was the real party in interest. The district court also determined that, as a matter of law, Osborn did not present competent evidence to support either claim.

Osborn filed an objection to the district court's judgment, and the district court amended its judgment by deleting its findings that Osborn did not have standing and was not the real party in interest. Osborn subsequently filed his notice of appeal with the Wyoming Supreme Court.[1]

## DISCUSSION

■ Osborn contends that the district court erred by granting a judgment as a matter of law in favor of the estate. His contentions are abstruse and, in many places, impossible to follow. Additionally, Osborn's briefs are replete with citations that are not relevant to the legal issues presented in this case. This Court has consistently refused to consider contentions that are not supported by pertinent authority or cogent argument. *See, e.g., Connell v. Barrett,* 949 P.2d 871, 874 (Wyo.1997); *Hamburg v. Heilbrun,* 889 P.2d 967, 968 (Wyo.1995). We will not, therefore, consider Osborn's issues because he failed to cite to pertinent authority or present cogent argument in his briefs.

■ The fact that Osborn is representing himself does not excuse his failure to comply with this Court's minimum standards.

[I]n the absence of the citation of pertinent authority or cogent argument, we will not afford relief to an appellant. While it is permissible under our system for litigants to represent themselves, such litigants do not receive any special benefit in the examination of papers that are presented to this court including briefs.

*Amrein v. Wyoming Livestock Board,* 851 P.2d 769, 772 (Wyo.1993) (citation and footnote omitted). *See also Boyd v. Nation,* 909 P.2d 323, 326 (Wyo.1996).

■ On September 15, 1998, the estate filed a motion with this Court, claiming that Osborn's appeal was unfounded and asking that Osborn be ordered to pay for its attorney's fees and costs. On September 29, 1998, we denied the estate's motion; however, we reserved the authority to make a later determination concerning the estate's right under W.R.A.P. 10.05 to be awarded attorney's fees and costs.

■ This Court may award attorney's fees and costs to an appellee pursuant to W.R.A.P. 10.05 when the appellant does not present pertinent authority or cogent argument in his brief. *Osborn v. Painter,* 909 P.2d 960, 965 (Wyo.1996). Osborn is very familiar with this Court's authority to award attorney's fees and costs to an appellee when the appellant's appeal is frivolous. *Id.; Osborn v. Pine Mountain Ranch,* 766 P.2d 1165, 1167–68 (Wyo.1989); *Osborn v. Warner,* 694 P.2d 730, 734 (Wyo.1985).

The estate attached its attorney's affidavit to its motion, which stated that the estate had incurred $618 in attorney's fees and costs in defending this appeal. We conclude that the amount is reasonable, and, consequently, we grant the estate's motion and order Osborn to pay $618 as provided in W.R.A.P. 10.05.

Affirmed.

---

1. Osborn and the Manning family have a long history of litigating various disputes. *See, e.g., Osborn v. Painter,* 909 P.2d 960 (Wyo.1996); *Osborn v. Manning,* 817 P.2d 889 (Wyo.1991); *Osborn v. Manning,* 812 P.2d 545 (Wyo.1991); *Osborn v. Manning,* 798 P.2d 1208 (Wyo.1990); *Osborn v. Manning,* 685 P.2d 1121 (Wyo.1984). Osborn was also the infamous plaintiff in *Osborn v. Emporium Videos,* 870 P.2d 382 (Wyo.1994), and *Osborn v. Emporium Videos,* 848 P.2d 237 (Wyo.1993).