# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 132

OCTOBER TERM, A.D. 2014

*October 27, 2014*

KIM BOLDING,

Appellant
(Plaintiff),

v.

S-14-0045

KINDEL CONCRETE, LLC

Appellee
(Defendant).

*Appeal from the District Court of Natrona County*
*The Honorable Catherine E. Wilking, Judge*

*Representing Appellant:*
Todd Hambrick, Casper, WY.

*Representing Appellee:*
Drew A. Perkins of Perkins Law, P.C., Casper, WY.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE:** **This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]     Ms. Kim Bolding challenges an order denying her request for a default judgment and claims the district court erred in failing to settle the record and in ruling that she did not prove her damages resulting from a car accident.  We will affirm.

## ISSUES

[¶2]     Ms. Bolding presents three issues on appeal:

  I.     Did the lower court commit plain error in applying a "reasonable certainty" standard to Plaintiff's burden of proof on damages, as opposed to a "reasonable probability" standard?

  II.    Did the lower court commit plain error by not settling the dispute between the parties on their Wyoming Rules of Appellate Procedure 3.03 submissions, ignoring both and leaving this Court with little incite [sic] as to the evidence that was actually presented at the Default Hearing in this matter?

  III.   Given the evidence presented at the Default Hearing in this matter, did the lower court abuse its discretion when it found that the Plaintiff had not met her burden of proof and had failed to "demonstrate to the Court" that her damages were caused by Appellee's negligent entrustment?

## FACTS

[¶3]     In December of 2009 a vehicle owned by Kindel Concrete, LLC, rear-ended Kim Bolding's vehicle.  Tim Ouimette, a Kindel Concrete employee, was driving the vehicle that rear-ended Ms. Bolding.  Two years later, in July of 2011, Ms. Bolding filed suit against Kindel and Ouimette stating claims for negligence and negligent entrustment. Ouimette timely answered Ms. Bolding's complaint and they later settled.  However, Kindel Concrete failed to timely answer and default was entered against it.

[¶4]     On July 22, 2013, a default judgment hearing occurred.  It went unreported.[1]  Both parties appeared and Ms. Bolding testified on her own behalf.  She also entered five

---

[1]  Because the hearing went unreported, Ms. Bolding filed a statement of the evidence pursuant to W.R.A.P. 3.03.  Kindel Concrete responded with its own statement under that same rule.  On February 7,

1

exhibits including a deposition from her physical therapist. The court ruled against Ms. Bolding and concluded that she failed to prove causation and damages. Ms. Bolding filed a motion to reconsider and objected to the court's application of a "reasonable certainty" standard when the correct standard was "reasonable probability." The court denied Ms. Bolding's motion to reconsider and addressed the standard clarifying that the court "applied the preponderance of the evidence standard …, and unfortunately for the Plaintiff, she failed to meet her burden of proof under that standard."

[¶5]    On November 13, 2013, the court entered its "Order Denying Judgment" and dismissed Ms. Bolding's lawsuit. This appeal was taken from that order.

## DISCUSSION

### *Reasonable Probability Standard*

[¶6]    First, Ms. Bolding argues that the district court erred when it applied a "reasonable certainty" standard when it assessed Ms. Bolding's evidence of damages. Ms. Bolding submits that the reasonable certainty standard only applies in contract cases and that here, a reasonable *probability* standard was the correct standard to be applied. Kindel Concrete responds that the district court applied the correct standard and that the evidence supports its decision. Kindel Concrete points out that in its order denying reconsideration the district court clarified any confusion regarding the standard of proof. We agree with Kindel.

[¶7]    In *Hashimoto v. Marathon Pipe Line Co.*, 767 P.2d 158 (Wyo. 1989), this Court made absolutely clear the difference between the standards of "reasonable certainty" and "reasonable probability." The words "reasonable probability" should more precisely be the standard employed in civil personal injury jury instructions to avoid confusion. *Id.* at 165. In comparison, the phrase "reasonably certain" or "reasonable certainty" connotes freedom from doubt. "Since none of us can see into the future, it appears quite illogical to attach such a standard to proving future pain and suffering in a personal injury case." *Id.* at 167. The *Hashimoto* court found that the jury was improperly instructed to apply the "reasonable certainty" standard of proof for determining damages instead of the more appropriate "reasonable probability" test. However, the Court concluded that the injury victim was not prejudiced by use of the stringent standard so the instruction did not constitute reversible error. We find the same to be true in this case.

---

2014, the court entered a "Statement of Proceedings Pursuant to W.R.A.P. 3.03." There, the court commented, "[Ms. Bolding's] proposed WRAP 3.03 statement and the attachments thereto do not accurately reflect the unreported hearing in this matter and improperly attempt to establish an evidentiary record that was not presented to the trial court." Thus, to "establish the record on appeal" the court relied on its decision letter and the order denying the motion to reconsider.

[¶8]    Here, Ms. Bolding filed a motion to reconsider and objected to the court's application of a "reasonable certainty" standard when the correct standard was "reasonable probability."   The court denied Ms. Bolding's motion to reconsider and addressed the standard clarifying that the court "applied the preponderance of the evidence standard …, and unfortunately for the Plaintiff, she failed to meet her burden of proof under that standard."

[¶9]    The court stated in greater context:

> [Ms. Bolding] alleges that the court did not apply the preponderance of the evidence standard to her case and instead believes that the Court imposed a reasonable degree of certainty standard.  This is apparently due to Plaintiff's reading of the Court's reference to the *Schlinger* case on pages 4 and 6 of the Decision Letter.  To the extent Plaintiff has read far too much into that reference, the Court will clarify that the citation to that case was made to reinforce that the **Plaintiff has the burden of producing sufficient evidence to prove her damages and that the Court may not resort to speculation or conjecture in determining the proper amount to award.**  [Emphasis in original.]

[¶10]  It is well-settled that a party seeking damages for future medical expenses bears the burden of proving damages by a preponderance of the evidence.  *Jennings v. C. M. & W. Drilling Co.,* 77 Wyo. 69, 73 (Wyo. 1957).   The amount of damages needs to be proven only to such a degree that the finder of fact can make a reasonable estimate.

[¶11]  Here, the court did not apply the higher "reasonable certainty" standard.   In its order, it is clear that the court was making clear its assessment that Ms. Bolding's proof on damages was only speculative, and thus she did not meet the required standard.  The court further stated:

> [Ms. Bolding] bore the burden of proof even though Kindel Concrete, LLC was in default.  [Ms. Bolding] still had to produce sufficient evidence to support her request for damages and to establish the percentage of fault attributable to [Kindel].  Based on the Court's observations, at the start of the hearing, [Ms. Bolding's] counsel was unclear on how to proceed and asked the Court what its preference was with regard to the presentation of [Ms. Bolding's] position.  The court advised it could not tell [Ms. Bolding's] counsel how to present his case, and he could proceed with whatever he would like the court to consider.  It then appeared to the Court

3

that he intended to provide the Court with a stack of documents and then argue for the relief sought. Once counsel for [Kindel Concrete] objected to the summary entry of all [Ms. Bolding's] proffered documents and the objection was sustained, [Ms. Bolding's] counsel was visibly frustrated, but did call [Ms. Bolding] to the stand to elicit testimony and enter select exhibits from the aforementioned stack of documents.

The district court was correct when it concluded as it did - that Ms. Bolding failed to prove by a preponderance of the evidence that the future medical expenses she claimed were reasonably probable (not reasonably certain) to occur as the result of the accident.

## *W.R.A.P. 3.03*

[¶12] Ms. Bolding next argues that the district court erred by not settling the record pursuant to W.R.A.P. 3.03. Ms. Bolding comments that the rule required the court to settle any disputes in the parties' respective statements of evidence. Kindel Concrete asserts that the court did not abuse its discretion when it refused to reconcile or approve either party's statement of evidence. We conclude that based upon its lack of recollection, the court properly refused to settle the record.

[¶13] "It is within the district court's discretion whether to approve a statement pursuant to W.R.A.P. 3.03." *Jacobs v. Jacobs,* 895 P.2d 441, 444 (Wyo. 1995). "It is properly an appellant's burden to bring to us a complete record on which to base a decision." *Id.* at 443 (quoting *Scherling v. Kilgore*, 599 P.2d 1352, 1357 (Wyo. 1979)).

[¶14] W.R.A.P. 3.03 states:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be filed and served on appellee within 35 days of the filing of the notice of appeal. Appellee may file and serve objections or propose amendments within 15 days after service. The trial court shall, within 10 days, enter its order settling and approving the statement of evidence, which shall be included by the clerk of the trial court in the record on appeal.

[¶15] As to the purpose of the rule, we stated in *Northwest Bldg. Co., LLC v. Northwest Distrib. Co.,* 2012 WY 113, ¶ 31, 285 P.3d 239, 247 (Wyo. 2012) as follows:

4

> The purpose of the W.R.A.P. 3.03 procedure is to provide an *accurate* record of the evidence presented in the district court. *White v. Table Mountain Ranches Owners Assoc., Inc*., 2006 WY 2, ¶ 8, 125 P.3d 1019, 1021 (Wyo. 2006). To that end, Rule 3.03 sets out a process whereby the appellant submits a statement of the evidence, the opposing party objects or proposes amendments, and the district court settles and approves the statement. In *TOC v. TND*, 2002 WY 76, ¶ 3, n.1, 46 P.3d 863, 867, n.1 (Wyo. 2002), we stated "W.R.A.P. 3.03 clearly requires trial court approval of a statement before it can properly be considered settled and become part of the record." [Emphasis in original.]

[¶16] In *Northwest Bldg.*, after the appellant filed its first notice of appeal, it presented a statement of the evidence to the district court pursuant to W.R.A.P. 3.03 because various hearings had not been reported. Appellee objected to the appellant's statement as including information and arguments not discussed at the hearings. After entering judgment on the parties' damages stipulation, the district court informed appellant that it had ten days to file a supplement to its statement of the evidence and/or request a hearing. No additional information was submitted, and the district court entered an order striking contractor's statement of the evidence, stating:

> 3. [Contractor's] Statement of the Evidence o[r] Proceedings filed on June 27, 2011 does not accurately reflect the unreported hearings in this matter and improperly attempts to establish an evidentiary record that was not presented to the trial court.
>
> 4. The Court's orders accurately reflect the status of the proceedings and record in this matter.

*Id.*, ¶ 29, 285 P.3d at 246. This Court stated:

> The district court determined that Contractor's statement of the evidence did not accurately reflect the unreported hearings. Its orders which were already part of the record recounted the status of the proceedings. The determination that Contractor's statement of the evidence was not accurate fell within the district court's discretion and Contractor has not demonstrated the court abused its discretion by refusing to accept a statement that it found did not accurately reflect the evidence produced. We have said that the district court's refusal to settle the record "'insofar as [it] did not remember the matters

5

suggested . . . is conclusive.'" *Jacobs*, 895 P.2d at 444, quoting *Feaster v. Feaster*, 721 P.2d 1095, 1097 (Wyo. 1986).

*Id.*, ¶ 32, 285 P.3d at 247.

[¶17]  We begin our analysis in the instant case by reviewing the facts.  Because the default hearing went unreported, Ms. Bolding submitted a statement of proceedings as required under W.R.A.P. 3.03.  Kindel Concrete timely filed its objections and offered amendments in the form of a restatement of the proceedings.  On February 7, 2014, the district court filed its *Statement of Proceedings Pursuant to W.R.A.P. 3.03*.  There, the court found that Ms. Bolding's proposed statement did "not accurately reflect the evidence presented at the unreported hearing" and that the statement proposed evidence that was not presented at the hearing.  As to the attachments to Ms. Bolding's statement, the court ruled that they were an "attempt to establish an evidentiary record that was not presented to the trial court."  Regarding Kindel Concrete's objections and amendments, the court stated:

> [Ms. Bolding] submitted two attachments to her WRAP 3.03 statement, notes of a legal assistant and an outline of Plaintiff's counsel.  The attachments were not received as evidence in this case, and do not accurately reflect what occurred at the hearing on July 22, 2013.

[¶18]  "If a court states that it cannot recall the true facts from a proceeding, then the statement has not, and cannot, be approved or settled." *Feaster v. Feaster*, 721 P.2d 1095, 1097 (Wyo. 1986).  In *Maynard v. Maynard*, 585 P.2d 1201, 1202 (Wyo. 1978), we stated:

> Because the trial court did not approve or settle this portion of the statement as it refers to the evidence question, it is therefore no part of the record, and cannot be accepted as such. It was not error for the judge to fail to settle the record insofar as he did not remember the matters suggested, and the judge's statement that he has no such recollection is conclusive. [Citations omitted.]

There was no abuse of discretion by the district court when it refused to accept Ms. Bolding's statement of proceedings or settle any disputes to determine inaccuracies in each of the parties' statements.

6

*Damages*

[¶19] Ms. Bolding's last argument on appeal is that the district court abused its discretion when it found that given the evidence in this case she had not met her burden to prove that her damages were caused by Kindel Concrete's negligent entrustment. Ms. Bolding argues that damages must be proven by a preponderance of the evidence. Ms. Bolding complains that the district court's decision letter and order denying reconsideration provide little more than vague references to the evidence presented. Kindel, on the other hand, faults Ms. Bolding for citing evidence that does not appear in the record.

> Generally, a plaintiff in a negligence action must establish four elements of a cause of action: duty, breach, proximate cause, and damages. *Daily v. Bone*, 906 P.2d 1039, 1043 (Wyo. 1995); *Hamilton v. Natrona County Educ. Ass'n,* 901 P.2d 381, 384 (Wyo. 1995); *Jack v. Enterprise Rent-A-Car Co. of Los Angeles,* 899 P.2d 891, 894 (Wyo. 1995). In a case involving unliquidated damages, where default has been entered, the defendant may no longer contest liability, but may contest the issue of damages. *Vanasse v. Ramsay*, 847 P.2d 993, 996-997 (Wyo. 1993); *Spitzer v. Spitzer*, 777 P.2d 587, 592 (Wyo. 1989).

*Schaub v. Wilson*, 969 P.2d 552, 556 (Wyo. 1998). As we stated in *Spitzer v. Spitzer*, 777 P.2d 587, 592 (Wyo. 1989):

> The distinction between an entry of default and a default judgment must here be recognized. *Mora,* 611 P.2d at 849. *See generally* 10 C. Wright, A. Miller & M. Kane, *supra* at §§ 2682 and 2683, and W.R.C.P. 55(a) and (b). Entry of default is normally a clerical act which may be performed by the clerk of court, and it does not constitute a judgment. The entry of default generally forecloses the party found to be in default from making any further defense or assertion with respect to liability or an asserted claim. *Zweifel v. State ex rel. Brimmer,* 517 P.2d 493 (Wyo. 1974); 10 C. Wright, A. Miller & M. Kane, *supra* at § 2688. Although the entry of default generally establishes the fact of liability according to the complaint, it does not establish either the amount or the degree of relief. *Adel v. Parkhurst,* 681 P.2d 886, 890 (Wyo. 1984); 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 55.03[2] (2d ed. 1988).

7

We elaborated in *Spitzer*:

> The default judgment, on the other hand, in addition to the fact of liability, defines the amount of liability or the nature of the relief. This is generally done separately from the entry of default. Only in those situations where the damages sought are liquidated and claimed in the complaint may the court grant relief without further proceedings. This principle is encompassed in W.R.C.P. 54(c), which provides in part that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." In certain circumstances, a claimed liquidated sum can be awarded by the clerk of court. W.R.C.P. 55(b)(1). Where the damages or relief claimed are unliquidated or not specified with certainty in the complaint, further proceedings are indicated. W.R.C.P. 55(b)(2) provides for entry of default judgment by the court. It reads, in relevant part:
>
> > If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper, and shall accord a right of trial by jury to the parties when and as required by any statute.
>
> In *Farrell,* 713 P.2d at 1179, we noted, with respect to the permissive nature of the above rule, that
>
> > "Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment. However, when it seems advantageous, a court may conduct a hearing to determine whether to enter a judgment by default." 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2688 (1983).
>
> > * * * The determination of whether a hearing is necessary under Rule 55(b)(2) is also within the sound discretion of the trial court.
>
> The scope of discretion afforded the trial court under the rule, however, does not extend to the entry of a default judgment

where the damages are not liquidated or articulated with certainty. In *Adel,* 681 P.2d at 892, we said:

> The burden, however, is upon those seeking more than mere nominal damages to prove their damages. The requirement of Rule 55(b)(2), W.R.C.P., of a hearing with respect to damages which are not liquidated is consistent with the rule of those cases. The default permitted by a defendant does not concede the amount demanded for unliquidated damages.

*Spitzer*, 777 P.2d 587 at 592-93.

[¶20]  Indeed, the burden of proof here is on Ms. Bolding to establish that the damages she seeks were caused by the negligence of Kindel Concrete.  Ms. Bolding presented five exhibits during the default hearing.  She also testified during the hearing on direct examination and cross-examination.  Ms. Bolding's testimony included details regarding the accident and her physical injuries.  Ms. Bolding requested $338,968.73 in damages with 50% of the fault apportioned to Kindel Concrete.  According to the decision letter, Kindel Concrete argued in opposition of that request and argued that Ms. Bolding had not met her burden.  The district court agreed and found as follows:

> [Ms. Bolding] introduced almost no evidence of the alleged comparative fault of [Kindel Concrete], relying almost exclusively on Exhibits 3 and 6.  [Ms. Bolding] argued that [Kindel Concrete] knew or should have known about [Ouimette's] driving record and by negligently entrusting him with a company vehicle, [Kindel Concrete] was fifty percent (50%) liable for her injuries and subsequent damages. Unfortunately, this was merely argument and was not sufficiently supported by evidence at the hearing.  Mr. Kindel was present at the hearing, and available as a witness but [Ms. Bolding] did not call him in an effort to establish comparative fault.  [Ms. Bolding] failed to meet her burden of proof in this regard, and the Court will not speculate as to what percentage of fault may or may not be attributable to [Kindel Concrete].
>
> [Ms. Bolding] requested damages based on a weekly calculation for physical therapy, but she failed to present evidence that she required therapy once a week, and her own physical therapist said she should see him only once every two weeks.  [Ms. Bolding] also failed to present any evidence that she needed physical therapy every week (or even every two

9

weeks) for the rest of her life. [Ms. Bolding] further failed to present any evidence about her life expectancy. These failures leave the Court guessing how long she would need to receive physical therapy. [Ms. Bolding] requested $67,000.00 for past loss of enjoyment of life and pain and suffering, but failed to present evidence to support such a request.

It remains a mystery to the Court why [Ms. Bolding] did not present this evidence at the hearing. … The Court can only assume the evidence was available to [Ms. Bolding], through documentary evidence or witness testimony or both. For whatever reason, it was not presented, and accordingly, [Ms. Bolding] has failed to meet her burden of proof, and the Court cannot award her any damages in this case.

[¶21]  Given the clearly erroneous standard under which we are operating which instructs this Court to presume that the district court's findings of fact are correct, along with the unfortunate fact that the hearing in this case went reported, our hands are tied. Even after a thorough review of the record, which is comprised mostly of exhibits, we affirm the district court.

## CONCLUSION

[¶22]  We affirm the district court. The district court corrected any error it made with regard to the standard it used to assess Ms. Bolding's evidence of damages. Also, the district court did not err when it refused to settle the record pursuant to W.R.A.P. 3.03. Finally, we conclude that the district court did not abuse its discretion when it found that Ms. Bolding had not met her burden to prove her damages were caused by Kindel Concrete's negligence.