# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 86

APRIL TERM, A.D. 2016

*August 30, 2016*

IN THE MATTER OF THE
PETITION FOR CHANGE OF NAME:
ENH, a Minor Child

SARA SOWERS-COLLISON,

Appellant
(Petitioner),

v.                                                S-16-0061

NICHOLAS R. HANSLEY,

Appellee
(Respondent).

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Appellant:*
      James R. Salisbury, The Salisbury Firm, P.C., Cheyenne, Wyoming

*Representing Appellee:*
      No appearance

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**DAVIS**, Justice.

[¶1]    Mother Sara Sowers-Collison, on behalf of her eleven-year-old son, filed a petition in the district court to change the boy's surname.  Father Nicholas R. Hansley objected, and the district court denied the petition.  Mother appealed that decision.  We affirm.

## ISSUE

[¶2]    Mother presents a single claim to this Court:

> Did the district court err by denying the petition without considering the best interest of the child?

## FACTS[1]

[¶3]    The child was born to Mother and Father in Ohio on October 9, 2003.  Within approximately one year, Mother's current husband came into her and her son's life, and sometime within the next ten years they married.  Sometime before the boy's eighth birthday, he moved with Mother from Ohio to Laramie County, Wyoming.

[¶4]    At the time Mother filed her petition, and for an unknown period prior to that, she and Father were subject to a "parenting agreement" that Father implied was court-enforceable in Franklin County, Ohio.  Over the years, Father remained as involved in his son's life as his allotted visitation, the distance of their separation, and his limited finances allowed.  Mother unilaterally made the decision to move to Wyoming, and the move was already underway when he first learned of it.

[¶5]    On August 12, 2015, Mother filed the petition to change the boy's surname to Sowers-Collison, along with her supporting affidavit.  Neither of those documents contains any allegation that the requested name change would be in the child's best interest, or that it would not be detrimental to Father.[2]  Father subsequently submitted his handwritten objection to the petition, and the matter was set for a hearing on January 11, 2016.

---

[1] The record that was transmitted to this Court is so bereft of historical facts that we are forced to garner what we can from the pleadings filed in the district court.  Although Mother's brief fills in one or two of the blanks, we cannot be certain such facts were available to the district court, and therefore we have disregarded them.

[2] The governing statute, Wyo. Stat. Ann. § 1-25-101 (LexisNexis 2015), provides in part that the district court, before granting such a petition, should satisfy itself that a name change is "not detrimental to the interests of any other person."

[¶6]    Mother and the parties' son testified in person at the hearing, and Father appeared and testified by telephone.  Ten days later the district court issued an order denying the petition.  As its rationale for that ruling, the court noted only that changing the child's surname would be detrimental to Father's interests under Wyo. Stat. Ann. § 1-25-101.  Mother timely perfected this appeal.  The Notice of Appeal states that there is no transcript of the district court hearing.

## DISCUSSION

[¶7]    Mother argues that the district court erroneously failed to consider the best interest of the child when it denied her petition to change her son's surname.  To support that position, she cites to cases from several other jurisdictions that require courts to consider and make findings as to a child's best interest in cases such as this.  Ordinarily, that argument might prompt this Court to weigh the benefits of such a requirement against the fact that it appears nowhere in Wyo. Stat. Ann. § 1-25-101.  However, we will not do so, because even if we were to adopt the proposed requirement, the state of the record in this case makes it impossible to determine whether the district court in fact considered the best interest of the child, or whether Mother even raised that issue below.

[¶8]    Although the court's order denying her petition contains no specific finding relating to the best interest of the child, we cannot conclude that the court failed to consider the question.  The court was not required to expressly include specific factual findings in its judgment unless, prior to introducing evidence, one of the parties requested it.  *JT v. KD*, 2008 WY 104, ¶ 15, 192 P.3d 969, 972 (Wyo. 2008) (citing W.R.C.P. 52(a)).  No such request appears in the record.

[¶9]    We also have no other basis for concluding that Mother raised the issue at the hearing on her petition and that the court nevertheless ignored it, because she has not provided any record of that proceeding.  That omission runs contrary to her obligation as an appellant to bring this Court a complete record upon which we can base a decision.  *Knezovich v. Knezovich*, 2015 WY 6, ¶ 9, 340 P.3d 1034, 1036 (Wyo. 2015); *Golden v. Guion*, 2013 WY 45, ¶ 5, 299 P.3d 95, 96 (Wyo. 2013).

[¶10]  When an appellant fails in her burden to provide a transcript, our review may take only two paths, one of which is to restrict review to allegations of errors that do not require us to inspect a transcript.  With respect to allegations that can be resolved only upon examination of a transcript, we have no basis for overturning any particulars of the district court's judgment.  Consequently, we must presume that there was no irregularity in the judgment, and that it rested on competent and sufficient evidence.  *Knezovich*, ¶ 8, 340 P.3d at 1036; *Martin v. DeWitt*, 2014 WY 112, ¶ 5, 334 P.3d 123, 125-26 (Wyo. 2014); *Golden*, ¶ 6, 299 P.3d at 97; *Lykins v. Habitat for Humanity*, 2010 WY 118, ¶ 11, 237 P.3d 405, 408 (Wyo. 2010); *Walker v. Walker*, 2013 WY 132, ¶ 42, 311 P.3d 170, 179 (Wyo. 2013).

[¶11] Mother's argument that the district court did not consider the best interest of her son in denying the petition to change his surname cannot be resolved without resort to a record of the hearing on that petition. The record does not contain a transcript of the hearing. We must therefore apply the presumptions noted above and conclude that she has not proven that the district court erred in denying her petition.

[¶12] Affirmed.