# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 38

### OCTOBER TERM, A.D. 2021

### March 21, 2022

IN THE MATTER OF THE NAME
CHANGE OF: SGN, a minor child,

CORRIE LYNN LAMB,

Appellant
(Petitioner),

v.                                                              S-21-0186

NOAH M. NEWMAN,

Appellee
(Respondent).

*Appeal from the District Court of Campbell County*
*The Honorable William J. Edelman, Judge*

*Representing Appellant:*
        Corrie Lynn Lamb, pro se.

*Representing Appellee:*
        Alex Berger, 307 Law Office, Gillette, Wyoming.

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

\*Justice Davis retired from judicial office effective January 16, 2022, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2021), he was reassigned to act on this matter on January 18, 2022.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Corrie Lynn Lamb (Mother) filed a petition on behalf of her minor child, SGN, for a change of surname.  Noah Newman (Father) objected, and the district court denied the name change petition.  Mother appeals arguing that the district court abused its discretion by refusing to settle the record pursuant to her statement of the evidence under W.R.A.P. 3.03 and by denying the petition.  We affirm.

## ISSUES

[¶2]    Mother presents three issues, which we restate as two:

> 1.    Did the district court abuse its discretion when it refused to approve Mother's statement of the evidence under W.R.A.P. 3.03?

> 2.    Did the district court abuse its discretion when it denied Mother's petition to change minor child's surname?

## FACTS

[¶3]    The record is sparse but reveals the following facts.  Mother and Father were married, and while married, they had a child, SGN.  They separated in 2017 and divorced about a year later.  Since that time, SGN has split time between Mother in Gillette and Father in Rock Springs, Wyoming.  After the divorce, Mother married Mr. Lamb and took his surname.  She and Mr. Lamb had a child together.  In March 2021, Mother filed a verified petition in the district court to change SGN's surname to Lamb-Newman because SGN was starting school in August, Mother would be the primary custodian, and Mother wanted SGN to share her surname and that of her half sibling.  Father objected.

[¶4]    The district court held an unreported hearing on the petition on May 13, 2021.  It entered an order denying the petition finding the name change was not in the best interest of SGN and that it was detrimental to Father's interests.  Mother timely filed this appeal.

[¶5]    Because there was no transcript of the hearing, Mother prepared a statement of the evidence as allowed under W.R.A.P. 3.03.  Father filed his objection to Mother's rendition of the proceedings.  The statement and objection were submitted to the district court for review.  The district court did not approve Mother's W.R.A.P. 3.03 statement of the evidence.  Contrary to her statement that sworn testimony was given, the district court found there was no sworn testimony at the hearing.

## DISCUSSION

***I.*** *** Did the district court abuse its discretion when it refused to approve Mother's statement of the evidence under W.R.A.P. 3.03?***

**A.     Standard of Review**

[¶6]    "It is within the district court's discretion whether to approve a statement pursuant to W.R.A.P. 3.03." *Bolding v. Kindel Concrete, LLC*, 2014 WY 132, ¶ 13, 336 P.3d 144, 147 (Wyo. 2014) (quoting *Jacobs v. Jacobs*, 895 P.2d 441, 444 (Wyo. 1995)).  "[W]e review the district court's decision for abuse of discretion." *Nw. Bldg. Co. v. Nw. Distrib. Co.*, 2012 WY 113, ¶ 30, 285 P.3d 239, 247 (Wyo. 2012).  "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Brown v. Jerding*, 2020 WY 123, ¶ 11, 472 P.3d 1038, 1041 (Wyo. 2020) (quoting *Ianelli v. Camino*, 2019 WY 67, ¶ 20, 444 P.3d 61, 66 (Wyo. 2019)).  "A court abuses its discretion when it acts in a manner which exceeds the bounds of reason under the circumstances." *Heimer v. Heimer*, 2021 WY 97, ¶ 34, 494 P.3d 472, 481 (Wyo. 2021) (quoting *Meiners v. Meiners*, 2019 WY 39, ¶ 9, 438 P.3d 1260, 1266 (Wyo. 2019)).

**B.     Analysis**

[¶7]    Mother argues that the district court abused its discretion by not approving her statement of the evidence under W.R.A.P. 3.03 and by failing to settle the record for appeal. Wyoming Rule of Appellate Procedure 3.03 provides procedures to establish a record where no transcript of proceedings is available:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be filed in the trial court and served on appellee within 35 days of the filing of the notice of appeal. Appellee may file and serve objections or propose amendments within 15 days after service.  The trial court shall, within 10 days, enter its order settling and approving the statement of evidence, which shall be included by the clerk of the trial court in the record on appeal.  If the trial court is unable to settle the record within 10 days, the judge shall notify the appellate court clerk, trial court clerk, and the parties of the delay and anticipated date of completion.

W.R.A.P. 3.03.  "The purpose of the W.R.A.P. 3.03 procedure is to provide an *accurate* record of the evidence presented in the district court." *Nw. Bldg. Co.*, ¶ 31, 285 P.3d at

247 (citing *White v. Table Mountain Ranches Owners Ass'n*, 2006 WY 2, ¶ 8, 125 P.3d 1019, 1021 (Wyo. 2006)). Trial court approval is required before a statement of the evidence can be "settled and become part of the record." *Martin v. DeWitt*, 2014 WY 112, ¶ 4, 334 P.3d 123, 125 (Wyo. 2014) (quoting *Nw. Bldg. Co.*, ¶ 31, 285 P.3d at 247); *see also* W.R.A.P. 3.03.

[¶8]    Mother's statement of the evidence asserted that she testified during the hearing. In its order regarding record, the district court found Mother's statement inaccurate because "neither party presented sworn testimony" at the hearing. The order stated:

> 1.      [Mother] asserts that she testified during the hearing, however neither party presented sworn testimony . . . .
>
> 2.      [Mother] was afforded an opportunity to present her case and chose to present argument only in support of her petition.
>
> 3.      [Father] was afforded the same opportunity and also chose to present argument only.
>
> 4.      Based upon the offered argument the court concluded that [Mother] failed to meet her burden in establishing a basis for the petition.

On appeal, Mother does not assert she presented sworn testimony—other than her verified petition—at the name change hearing. Nonetheless, Mother's Amended Statement of Evidence and Proceedings recites that she "provided . . . rebuttal testimony" following Father's argument. The statement repeatedly frames Mother's rebuttal argument as her "testimony."

> It is within the trial court's discretion whether to approve an appellant's statement of the evidence; it need not consent to a narrative that is inaccurate, but may insist that the statement reflects the actual proceedings. Where the trial court makes specific findings of deficiencies, which are supported by the record, it is not an abuse of discretion to refuse to settle the statement to provide a record for appeal in civil matters; without such findings, the trial court does abuse its discretion.

4 C.J.S. *Appeal and Error* § 603, at 577 (2019) (footnotes omitted).

[¶9]    The district court did not abuse its discretion by refusing to settle the record where it found the statement of evidence to be inaccurate.

[¶10]   We do not address Mother's argument that the court's finding, in the order regarding record, that the parties did not present sworn testimony conflicts with its findings regarding evidence in the order denying name change.  Mother had the burden to establish a record, and she did not meet her burden.  We need go no further.

## II.    *Did the district court abuse its discretion when it denied Mother's petition to change minor child's surname?*

### A.    Standard of Review

[¶11]   We have not established a standard of review for a petition to change a name under Wyo. Stat. Ann. § 1-25-101.  Other states review a name change petition for an abuse of discretion.  *See, e.g.*, *In Re Doe*, 484 P.3d 195, 199 (Idaho 2021); *In re J.P.H.*, 2015 SD 43, ¶ 8, 865 N.W.2d 488, 490; *Tucker v. Tucker*, 2014 MT 115, ¶ 11, 326 P.3d 413, 415; *In re E.M.L.*, 19 A.3d 1068, 1069 (Pa. Super. Ct. 2011); *Hamman v. Cnty. Ct. In & For Jefferson Cnty.*, 753 P.2d 743, 746 (Colo. 1988).  Our jurisprudence is clear, "[d]ecisions that involve custody, visitation and child support are committed to the sound discretion of the district court."  *IC v. DW*, 2015 WY 135, ¶ 7, 360 P.3d 999, 1001 (Wyo. 2015) (citing *Wright v. Wright*, 2015 WY 37, ¶ 16, 344 P.3d 267, 272 (Wyo. 2015)).  In this case, where the petition requests a name change for a minor child, consistent with our standard of review for issues of custody, visitation, and support, we will apply an abuse of discretion standard of review.

[¶12]   "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances."  *Gutierrez v. Bradley*, 2021 WY 139, ¶ 15, 500 P.3d 984, 988 (Wyo. 2021) (quoting *Kimzey v. Kimzey*, 2020 WY 52, ¶ 27, 461 P.3d 1229, 1238 (Wyo. 2020)).  "We 'will not disturb an order . . . so long as the court could reasonably conclude as it did.'"  *Taulo-Millar v. Hognason*, 2022 WY 8, ¶ 14, 501 P.3d 1274, 1279 (Wyo. 2022) (quoting *Paden v. Paden*, 2017 WY 118, ¶ 6, 403 P.3d 135, 138 (Wyo. 2017)).

### B.    Analysis

[¶13]   Mother argues that the district court abused its discretion when it found that a name change was not in SGN's best interest and that a name change was detrimental to Father's interests.

[¶14]   "It is the appellant's burden to bring a complete record to this Court."  *Befumo v. Johnson*, 2005 WY 114, ¶ 16, 119 P.3d 936, 942–43 (Wyo. 2005) (quoting *Beeman v. Beeman*, 2005 WY 45, ¶ 10, 109 P.3d 548, 551 (Wyo. 2005)).  "Where a proper record is not provided, an appeal may be dismissed or review may be limited to those issues not requiring inspection of the record."  *Id.* (quoting *Beeman*, ¶ 10, 109 P.3d at 551).  "In the absence of anything to refute them, we will sustain the trial court's findings, and we assume

that the evidence presented was sufficient to support those findings." *Id.* (quoting *Beeman*, ¶ 10, 109 P.3d at 551–52). *See also Matter of Petition for ENH v. Hansley*, 2016 WY 86, ¶ 10, 378 P.3d 296, 298 (Wyo. 2016). It is equally well established that "[i]t is the appellant's burden to bring to us a complete record on which to base a decision." *Sears v. Sears*, 2021 WY 20, ¶ 18, 479 P.3d 767, 773 (Wyo. 2021) (quoting *Golden v. Guion*, 2013 WY 45, ¶ 5, 299 P.3d 95, 96 (Wyo. 2013)).

[¶15] We turn to the district court's order denying the petition to change SGN's name. Wyo. Stat. Ann. § 1-25-101[1] governs name changes. It states that a district court shall order the name change if "the desired change is proper and not detrimental to the interests of any other person." Wyo. Stat. Ann. § 1-25-101. The district court noted that the language of Wyo. Stat. Ann. § 1-25-101 does not require the court to make findings on a child's best interest and that the Wyoming Supreme Court has not specifically addressed this question. *See ENH*, ¶ 7, 378 P.3d at 298. The district court then recognized that both parties made arguments related not only to their own interests but those of the minor child. Consequently, it undertook a thorough analysis of whether the name change was in SGN's best interests. The court employed an eight-factor test—borrowed from other states' jurisprudence—and determined that a name change would not be in SGN's best interest.[2] The court went on to consider whether the name change would be detrimental to the interest of any other person, specifically Father. It found Father presented evidence that changing SGN's name would be detrimental to his interest.

[¶16] Neither party raised the issue of whether the court was required to address SGN's best interests at the hearing or on appeal. Because the issue was not raised or briefed, we

---

[1] Wyo. Stat. Ann. § 1-25-101 states:

> Every person desiring to change his name may petition the district court of the county of the petitioner's residence for the desired change. The petition shall be verified by affidavit setting forth the petitioner's full name, the name desired, a concise statement of the reason for the desired change, the place of his birth, his place of residence and the length of time he has been an actual bona fide resident of the county in which the petition is filed. If the court is satisfied that the desired change is proper and not detrimental to the interests of any other person, it shall order the change to be made, and record the proceedings in the records of the court. In the event a confidentiality order has been entered pursuant to W.S. 35-21-112 or any other court order allowing a party to maintain confidentiality of addresses, city or state of residence or other information identifying the residence, the address, city or state of residence or other information identifying the residence of the party shall remain confidential.

Wyo. Stat. Ann. § 1-25-101 (LexisNexis 2021).

[2] Some states use a factor test to determine whether a name change is in a child's best interest. *See generally J.P.H.*, 865 N.W.2d 488; *In re Leyna A.*, No. M2016-02548-COA-R3-JV, 2017 WL 4083644 (Tenn. Ct. App. Sept. 15, 2017); *Walden v. Jackson*, 2016 Ark. App. 573, 506 S.W.3d 904; *Werthwein v. Workman*, 546 S.W.3d 749 (Tex. App. 2018); *State on behalf of Connor H. v. Blake G.*, 856 N.W.2d 295 (Neb. 2014); *Hamman*, 753 P.2d at 749.

do not decide it.  In the absence of any evidence to the contrary, the district court's decision to deny the name change was not an abuse of discretion.  *See Gutierrez*, ¶ 15, 500 P.3d at 988.  We affirm.